UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PABLO PEIXOTO LIMA SIQUEIRA,<br>    Petitioner,<br><br>    v.<br><br>DAVID WESLING, *Field Office Director of Enforcement and Removal Operations, Boston Field Office, Immigration and Customs Enforcement*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; PAMELA BONDI, *U.S. Attorney General*; MICHAEL NESSINGER, *Warden of the Wyatt Detention Facility*; U.S. DEPARTMENT OF HOMELAND SECURITY; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,<br>    Respondents. | No. 26-cv-096-JJM-AEM |

**MEMORANDUM AND ORDER**

JOHN J. MCCONNELL, JR., United States District Court Chief Judge.

    Before the Court is Pablo Peixoto Lima Siqueira's Emergency Motion for a Temporary Restraining Order in which he seeks to prevent his re-detention by Immigration and Customs Enforcement ("ICE"). ECF No. 8. Because the Court finds that Mr. Lima Siqueira is not "in custody" within the meaning of 28 U.S.C. § 2241(c)(3), the Court DENIES the Motion without prejudice.

## I. BACKGROUND

Mr. Lima Siqueira is a native of Brazil, who arrived in the United States on or about November 3, 2021.  ECF No. 1 at 8.  Finding that he had entered the country without being lawfully admitted, agents of the U.S. Border Patrol ("USBP") arrested Mr. Lima Siqueira and transferred him to ICE custody.  ECF No. 1-2 at 3.  After being detained for about a month, ICE officials released Mr. Lima Siqueira on or about December 4, 2021 on an Order of Release on Recognizance.[1]  *Id.*  He eventually moved to the State of Connecticut.  ECF No. 1 at 1.

On March 28, 2025, officers from the Bridgeport Police Department arrested Mr. Lima Siqueira on charges of disorderly conduct and strangulation/suffocation in the second degree.  ECF No. 1-2 at 2-3.  On August 13, 2025, Mr. Lima Siqueira appeared in Connecticut state court for a hearing on the criminal charges lodged against him.[2]  ECF No. 1 at 1.  After the hearing, ICE officers arrested Mr. Lima Siqueira and transferred him to the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island, where he remained detained for over five months.  *Id.* at 2.

---

[1] An Order of Release on Recognizance is issued by ICE pursuant to 8 U.S.C. § 1226.  See U.S. Dep't of Homeland Sec., U.S. Immigration and Customs Enforcement, Order of Release on Recognizance, https://www.ice.gov/doclib/detention/checkin/I_220A_OREC.pdf (displaying a sample order).  The order permits a noncitizen detainee to be released from custody provided that they comply with certain conditions set by ICE.  *Id.*

[2] These charges were due to be dismissed pursuant to a Connecticut diversionary program called the Family Violence Education Program.  ECF No. 1-4 at 1.  As part of the program, Mr. Lima Siqueira was required to attend scheduled intakes, but he was unable to attend them following his arrest and subsequent detention by ICE.  *Id.*

While in ICE custody, Mr. Lima Siqueira filed a petition for a writ of habeas corpus in which he challenged the legality of his detention. *Id.* at 10-14. On February 18, 2026, the Court granted Mr. Lima Siqueira's petition and ordered that the Government immediately release him from detention and provide him with a bond hearing before an Immigration Judge ("IJ"). *See* Text Order (Feb. 18, 2026).

Mr. Lima Siqueira was released from ICE custody that same day, and he remains at liberty today. ECF No. 8 at 2. The Chelmsford Immigration Court subsequently held a bond hearing for Mr. Lima Siqueira on February 25, 2026. *Id.*; ECF No. 7 at 1. The IJ denied bond, finding that Mr. Lima Siqueira presented a danger to the community by clear and convincing evidence and that, in the alternative, he posed a flight risk by a preponderance of the evidence.[3] ECF No. 8-2 at 1 (displaying IJ's order).

Curiously, however, ICE officials did not take Mr. Lima Siqueira back into custody following the bond hearing. ECF No. 8 at 2. Nor does the record suggest that ICE placed any monitoring devices or conditions of release on Mr. Lima Siqueira.

Seeking to prevent his re-detention at the hands of ICE, Mr. Lima Siqueira now submits the present Emergency Motion for a Temporary Restraining Order. ECF No. 8 at 1-2, 6.

---

[3] In making these findings, the IJ relied exclusively on the "strangulation allegations" made in Mr. Lima Siqueira's arrest report. ECF No. 8 at 3.

3

## II.     DISCUSSION

This discussion begins and ends with jurisdiction—and this Court's lack thereof. Federal courts are of course courts of limited jurisdiction, possessing only the power granted to them by the Constitution or by statute. *Corrigan v. Bos. Univ.*, 98 F.4th 346, 356 (1st Cir. 2024) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

28 U.S.C. § 2241 provides that federal courts may grant habeas relief to individuals who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added). In the past, the Supreme Court has "very liberally construed" the "in custody" requirement. *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *see also Harris v. Nelson*, 394 U.S. 286, 291 (1969); *Peyton v. Rowe*, 391 U.S. 54, 65 (1968).

As the Court has explained, "custody" extends beyond mere physical incarceration. *See Jones v. Cunningham*, 371 U.S. 236, 239 (1963) ("[I]n the United States the use of habeas corpus has not been restricted to situations in which the applicant is in actual, physical custody."). Instead, the habeas petitioner must "be subject to 'restraints not shared by the public generally.'" *Tinder v. Paula*, 725 F.2d 801, 803 (1st Cir. 1984) (quoting *Jones*, 371 U.S. at 240). At the very least, in order to grant the petition, "there must be some type of continuing governmental supervision over the person." *Id.* (citing *Spring v. Caldwell*, 692 F.2d 994, 997-98 (5th Cir. 1982)).

4

In the immigration context, courts have found the "in custody" requirement to be met where, even though a noncitizen has been released from ICE's physical custody, the agency has nevertheless imposed monitoring measures or other conditions of release on the noncitizen.[4] *See, e.g.*, *Orellana Juarez v. Moniz*, 788 F. Supp. 3d 61, 67-68 (D. Mass. 2025); *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *13 (C.D. Cal. Oct. 23, 2025); *Khabazha v. U.S. Immigr. & Customs Enf't*, No. 25-cv-5279 (JMF), 2025 WL 3281514, at *3 (S.D.N.Y. Nov. 25, 2025); *A.B.D. v. Wamsley*, No. 6:25-cv-02014-AA, 2026 WL 178306, at *8 (D. Or. Jan. 22, 2026).

In the present case, though he was detained for over five months, ICE has released Mr. Lima Siqueira as of February 18, 2026.[5] ECF No. 8 at 2. Mr. Lima Siqueira remains at liberty today, and ICE has not—as far as the Court is aware—imposed any sort of monitoring measures or other conditions of release on him.

---

[4] Conditions of release can include but are not limited to: (1) requiring the noncitizen to wear a GPS ankle monitor; (2) requiring the noncitizen to report for regular check-ins with ICE; (3) allowing ICE to enter the noncitizen's residence for home visits; (4) imposing a curfew on the noncitizen; and (5) geographically restricting where the noncitizen can travel. *See Orellana Juarez v. Moniz*, 788 F. Supp. 3d 61, 67-68 (D. Mass. 2025); *see also Ali v. Napolitano*, No. 12-cv-11384, 2013 WL 3929788, at *4 (D. Mass. July 26, 2013).

[5] To be sure, "[c]ustody is determined from the date that a habeas petition is first filed." *Tinder*, 725 F.2d at 803 (citing *Carafas v. LaVallee*, 391 U.S. 234, 238-40 (1968); *Marchand v. Dir., U.S. Prob. Off.*, 421 F.2d 331, 332 n.1 (1st Cir. 1970)). However, this does not change the fact that the petitioner must be subject to some sort of restriction on their liberty. *Id.* at 804 ("Penalties that do not impose … a restraint or the imminent threat of such a restraint do not meet the custody requirement of the habeas statute.").

Of course, should ICE take him back into custody or place any other restrictions on his liberty, then Mr. Lima Siqueira is free to pursue appropriate relief in this Court. For now, however, the Court is constrained in the relief it can grant Mr. Lima Siqueira. *See España v. Nessinger*, No. 26-cv-014-JJM-PAS, 2026 WL 507403, at *2 (D.R.I. Feb. 23, 2026).

### III.   CONCLUSION

For these reasons, the Court DENIES Mr. Lima Siqueira's Motion for a Temporary Restraining Order without prejudice. ECF No. 8.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

March 2, 2026